[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2006
THOMAS K. KAHN
CLERK

No. 05-15605
Non-Argument Calendar

_____

BIA Nos. A79-476-197 & A79-476-198

DIEGO LEON GUZMAN,
RUTH  ELVIRA GUZMAN, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 21, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Diego Guzman, Ruth Guzman, and Juan Guzman seek review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) order denying their application for withholding of removal and relief under the Convention Against Torture (CAT).[1]  We deny their petition.

## I.  DISCUSSION

A.  *Standard of Review*

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA adopted the IJ's decision and added a few comments of its own, so we review both decisions.

To the extent the decisions were based on a legal determination, review is de novo.  *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001).  Factual determinations are reviewed under the substantial evidence test, and we "must affirm the . . . decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  *Al Najjar*, 257 F.3d at 1283-84 (citation omitted).  To reverse fact findings, "we must find that the record not only supports reversal, but compels it."  *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

---

[1]Petitioners' asylum claim was denied as untimely and Petitioners do not challenge that order.

B. *Withholding of Removal*

To qualify for withholding of removal under the INA, an alien must show his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287. If the alien establishes past persecution in his country based on a protected ground, we presume his life or freedom would be threatened upon return to his country unless the government shows by a preponderance of the evidence: (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so. *Id*. An alien who has not shown past persecution may still be entitled to withholding of removal if he can demonstrate a "well-founded fear" of persecution on a protected ground if he returns to his country. *Id.* To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. An alien cannot demonstrate he more likely than not would be persecuted on a protected ground if the IJ finds the alien could avoid a

3

future threat by relocating to another part of his country. *Mendoza*, 327 F.3d at 1287.

We have noted persecution is "an 'extreme concept' requiring 'more than a few isolated incidents of verbal harassment or intimidation' and that '[m]ere harassment does not amount to persecution.'" *Sepulveda v. United States Attorney General*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quoting *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000)) (alteration in original). Furthermore, "[n]ot all exceptional treatment is persecution." *Gonzalez*, 212 F.3d at 1355.

An alien's testimony, if credible, may be sufficient to sustain the burden of proof for withholding of removal without corroboration. 8 C.F.R. § 208.16(b). "The weaker the applicant's testimony, however, the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

Substantial evidence supports the denial of withholding of removal.[2] The record provides substantial evidence to support the IJ's decision that Guzman did not suffer past persecution. Guzman's testimony outlined a series of National Liberation Army (ELN) threats. While these threats may have had a sufficient

---

[2] We cannot consider the exhibits attached to Petitioners' brief. These exhibits are outside of the administrative record and are not subject to this Court's consideration. 8 U.S.C. § 1252(b)(4)(A).

4

nexus with Guzman's work as a political activist for the Colombian Liberal Party, they were mere threats, and do not rise to the level of past persecution.

Substantial evidence also supports the IJ's determination that Guzman did not have a well-founded fear of persecution. The IJ found Guzman presented insufficient evidence to establish it was more likely than not he would be persecuted if he went back to Colombia. Guzman's testimony concerned four incidents in which members of the ELN threatened him. Though Guzman's testimony about these incidents was consistent, it does not compel the conclusion his limited reputation as a political campaigner would outlast his nine year absence from Colombia. Guzman also stated he did not believe all of these threats were serious. Furthermore, Ruth and Juan were able to live in Colombia for two years after Guzman left without being harmed by the ELN. Such evidence does not compel us to conclude that it is more likely than not Petitioners would be persecuted if they returned to Colombia.

Further, Guzman did not support his testimony with enough corroborating evidence to meet the high burden for withholding of removal. Without such corroborating evidence, and given the general weakness of Guzman's testimony, Petitioners could not show it was more likely than not they would be persecuted if returned to Colombia.

C.  *CAT Relief*

To qualify for CAT relief, the applicant must show it is more likely than not he will be tortured if returned to the country of removal.  8 C.F.R. § 208.16(c)(2).

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).

Guzman presented no evidence during his hearing or in his asylum application that he would be tortured upon his return to Colombia by a public official or with a public official's acquiescence.  Therefore, the denial of CAT relief is supported by substantial evidence.

## II.  CONCLUSION

Substantial evidence supports the BIA's and IJ's denial of withholding of removal and CAT relief.

**PETITION DENIED.**

6